SCHWARTZ, Senior Judge
(dissenting).
I cannot agree that there is any principled basis for granting the appellant-second mortgagee the ultimate windfall of priority over an established first mortgage which has, however foolishly, been fully paid by a new lender, the appellee Deutsche Bank. I am nonplussed by the appellant’s argument for doing so: that the bank somehow acted inequitably by lending the mortgagor an additional amount at interest, apparently because he was, surprisingly enough, required to pay it back. But I had thought that the ability to secure a loan was good for the borrower, and surely that it did not place him, much less the second mortgagee, at some kind of disadvantage. This is particularly the case because Deutsche Bank admittedly has no superior interest to the excess loan and now claims only the equitable right to succeed to the previous, now discharged, first mortgage.
While the appellant invokes the rule that one must do equity to receive equity, Deutsche Bank’s actions, while unwise, to say the least, were in no way “inequitable.” I think it is wrong to give the second mortgagee an unearned advantage over a distressed party, even if it is a bank, whose actions harmed only itself. I would therefore affirm on the authority of Palm Beach Sav. & Loan Ass’n, F.S.A. v. Fishbein, 619 So.2d 267 (Fla.1993); Eastern Nat’l Bank v. Glendale Fed. Sav. & Loan Ass’n, 508 So.2d 1323 (Fla. 3d DCA 1987); Suntrust Bank v. Riverside Nat’l Bank of Florida, 792 So.2d 1222 (Fla. 4th DCA 2001); and, Aurora Loan Servs., LLC v. Senchuk, 36 So.3d 716 (Fla. 1st DCA 2010), all of which I think require affirmance.